Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
(215) 627-1322
Attorneys for SRP 2013-8, LLC

| | |
|---|---|
| IN THE MATTER OF:<br><br>Henry Bell Jr.<br><br>DEBTOR. | **IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>CHAPTER 13<br>CASE NO. 22-15432 RG<br><br>NOTICE OF AMENDED OBJECTION TO CONFIRMATION |

      I, Denise Carlon, the undersigned, Esquire For KML Law Group, P.C., attorney for **SRP 2013-8, LLC**, the holder of a judgment lien on the Debtor's premises at **299 Ege Avenue Jersey City, NJ 07304** hereby objects to the confirmation of the Debtor's proposed Chapter l3 Plan for the following reasons:

    1.     On November 3, 2017, SRP 2013-8, LLC obtained a judgment stemming from a foreclosure deficiency action. The judgment was docketed on September 14, 2018 and became a lien on the subject property. The Writ of Execution was signed on December 17, 2021.

    2.     Debtor's plan provides for payments of $275 for 60 months, totaling $16,500. The Debtor has mortgage arrears, vehicle arrears, attorneys' fees, an IRS claim, and a New Jersey tax claim listed in the plan, which would receive the majority of the $16,500, leaving almost nothing for the unsecured creditor base.

    3.     Reviewing the Debtor's plan, the subject property is valued at $320,000. The first mortgage payment is listed at $280,622.75. The Debtor has an exemption of $27,900 listed, assuming that the subject property is Debtor's primary residence. That would leave equity of $11,477.

    4.     Creditor has obtained an appraisal of the subject property which is attached hereto as Exhibit A. The appraisal of the property reflects a value of $380,000.00. This would result in equity of over $70,000.

    5.     The distribution to unsecured creditors would be less than the amount that would be paid to unsecured creditors if the estate were liquidated under Chapter 7 in violation of 11 U.S.C. 1325(a)(4).

    6.     Further, Debtor appears to be paying rent on a second home in Pennsylvania. There is $1,200 listed on the Debtor's schedule J for additional mortgage payments for a residence, which lines up with a lease listed in the plan and on Schedule G of the petition.

    7.     If the Debtor is occupying the residence in Pennsylvania, that would affect their exemption with regard to the property in Jersey City. If the Debtor is not occupying the residence in Pennsylvania, those funds should be paid into the plan for the benefit of unsecured creditors.

8.Secured Creditor reserves its right to amend this objection to further contest the 522(f) motion depending on the results of its own appraisal.

9.The Debtor's plan is not feasible and fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325.

Based on the forgoing, SRP 2013-8, LLC hereby objects to the confirmation of Debtor's Chapter 13 plan and requests that the confirmation be DENIED.

**/s/Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for SRP 2013-8, LLC

Dated:  October 10, 2022