Moshie Solomon
LAW OFFICES OF MOSHIE SOLOMON, P.C.
*Counsel for Debtor*
Two University Plaza, Suite 100
Hackensack, NJ 07601
(201) 705-1470

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------x
In re:

HENRY BELL, JR.,                                          Chapter 13
                                                          Case No. 22-15432 (RG)

                        Debtor.
---------------------------------------------------x

**DEBTOR'S OBJECTION TO CERTIFICATION IN SUPPORT OF DEFAULT**

Henry Bell, Jr., debtor (the "**Debtor**") in the captioned case, by and through his undersigned counsel, submits this objection to the Certification in Support of Default (the "**Default Certification**") [Doc. No. 62] filed by Marie-Ann Greenberg, chapter 13 Trustee herein (the "**Trustee**") seeking dismissal of the captioned bankruptcy case (the "**Case**"), and respectfully represents as follows:

1. On May 4, 2023, the Court entered an Order (the "**Confirmation Order**") confirming the Debtor's chapter 13 plan (the "**Plan**").

2. On April 22, 2024, the Trustee filed the Default Certification seeking dismissal of the captioned bankruptcy case due to the Debtor's failure to "provide the Trustee with a copy of their 2023 Tax Return and any tax refund in excess of $2,000 if filing jointly or over $1,000 if filing separately by 4/15/2024" as required by the Confirmation Order. Default Certification, Doc. No. 62. The Trustee set May 6, 2024 as the deadline to object to the Default Certification.

3. On May 1, 2024, the Debtor, through undersigned counsel, submitted to the Trustee a copy of his timely filed 2023 joint federal and state tax returns (the "**Tax Returns**"). The Tax Returns show no refund to the Debtor and his spouse in excess of $2,000.00.

4. The Plan was confirmed on May 4, 2023. The Debtor is current in his payments under the Plan. Since this was the first time since confirmation of the Plan that the Debtor had filed tax returns, the Debtor had not recalled his obligation under the Confirmation Order to submit his tax return to the Trustee by April 15, 2024 until he received the Default Certification, leading to his default of the Confirmation Order. The Debtor did provide the Tax Returns to the Trustee by May 1, 2024, five days prior to the objection deadline of May 6, 2024. We respectfully submit that the 15 day delay in submitting the Tax Returns to the Trustee is not a material default that should warrant the extraordinarily harsh penalty of dismissal of a chapter 13 plan which the Debtor had fought vigorously to confirm and has remained current in payments for almost two years. Under the circumstances, we therefore ask the Court to deny the Trustee's request to dismiss this case due to the Debtor's failure to provide his Tax Returns by April 15, 2024 in accordance with the Confirmation Order.

5. On May 2, 2024, a day after submitting the Tax Returns to the Trustee, the undersigned contacted the Trustee's office and requested that the Default Certification be withdrawn. The Trustee's office declined that request, stating that the Trustee had additional concerns with the increase of the Debtor's income set forth in the Tax Returns and would be filing a supplemental certification in support of the Default Certification (the "**Supplemental Default Certification**") [Doc. No 64]. Later that day, the Trustee filed the Supplemental Default Certification seeking to dismiss the Case due to this increase in income.

6. While the undersigned understands and appreciates the Trustee's concerns expressed in the Supplemental Default Certification, the Trustee's additional request to dismiss the Case due to the Debtor's increase in income must be denied on procedural and due process grounds. Unlike the reason for dismissal listed in the Default Certification, the Trustee has not alleged in the Supplemental Default Certification any actual default of any specific provision of the Confirmation Order that would allow this Court to dismiss this case due to such default. Rather, the Trustee appears to be attempting to shoehorn what otherwise should be a separate and distinct motion to dismiss this Case into the Default Certification, while providing the Debtor with four days' notice to respond, all of which is in clear violation of the form of motion and notice rules required by D.N.J. LBR 9013-1 and 9013-2 (which, among other things, requires that a party be provided 14 days to file opposition to a motion). For this reason, the Debtor respectfully asks that the Court deny the Trustee's request to dismiss the case on the grounds stated in the Supplemental Default Certification, without prejudice to the Trustee's right to file a proper motion to dismiss this Case on due and proper notice to the Debtor in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

7. The undersigned has begun the process of working with the Debtor to understand his current financial situation. We also intend on cooperating and communicating with the Trustee to resolve the Trustee's concerns. If necessary and warranted, the Debtor will file supplemental Schedules I and J and a modified plan as requested by the Trustee. The Debtor therefore respectfully asks that the Court deny the Trustee's requests to dismiss this case and allow him the time to work with the Trustee to resolve the Trustee's concerns and the chance to move towards the goal of a discharge and successful consummation of this chapter 13 case.

WHEREFORE, for all the reasons stated herein, the Debtor respectfully requests that the Court (i) deny the relief sought in the Default Certification and the Supplemental Default Certification and (ii) grant such other and further relief as is just and proper.

Dated: Hackensack, New Jersey
       May 5, 2024

LAW OFFICES OF MOSHIE SOLOMON, P.C.
Two University Plaza, Suite 100
New York, NY 10001
(201) 705-1470

By    s/ Moshie Solomon
      Moshie Solomon

*Counsel for Debtor*

4